IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. BLAKE ADAM AUSTIN, Defendant. | Case No. 18-40090-HLT |

## GOVERNMENT SENTENCING MEMORANDUM

The United States of America, by and through Stephen R. McAllister, United States Attorney for the District of Kansas, and Christine E. Kenney, Assistant United States Attorney for said District, hereby submits this memorandum in support of a sentence between 121 months (two levels below the correctly calculated guideline range) and 151 months in prison. The Presentence Investigation Report ("PSIR") correctly calculated the Total Offense Level of 34, and the advisory guideline range of 151 to 188 months imprisonment. The statutory range for Count 3 – the most serious charge – is not less than 5 years and not more than 20 years in prison. A sentence between 121 months and 151 months would accomplish the sentencing goals of 18 U.S.C. § 3553(a).

In determining the sentence, the Court must look to the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment, afford adequate deterrence, and protect the public from further crimes of the defendant, and provide the

defendant with needed correctional treatment in the most effective manner. For the reasons set forth, the sentence requested by the government is sufficient, but not greater than necessary, to accomplish these goals.

**Background**

The Presentence Investigation Report ("PSIR") and the Plea Agreement (Doc. 19) fully set for the facts underlying the counts of conviction. Because the defendant admitted to this information in the plea agreement, and because there are no objections to the facts set forth in the PSIR, the government incorporates those facts in this memorandum.

**I.     Application of the Guidelines**

A sentencing Court should first correctly calculate the applicable guidelines range, then consider all of the factors under 18 U.S.C. § 3553(a) to determine whether they support the sentence requested by a party. Although the Court may not presume that a sentence within the guideline range is reasonable, the guidelines should be the starting point. *Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007). In the ordinary case, a sentence within the guideline range will "reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." *Rita v. United States*, 551 U.S. 338, 127 S. Ct. 2456, 168 L. Ed. 2d 203 (2007).

**II.    Sentence to be imposed in the instant case**

Because there are no objections to the PSIR, the Court should find the guidelines calculations in the instant case are accurate. As to the sentence to be imposed, a sentence between 121 months and 151 months would be sufficient, but not greater than necessary, to satisfy the § 3553 factors.

**§ 2G2.2**

There has been some debate in the courts regarding the deference owed to U.S.S.G. § 2G2.2, the applicable guideline for possession and receipt of child pornography.   Some of that debate centered around the February 27, 2013 Sentencing Commission, "Report to Congress: Federal Child Pornography Offenses," which examines federal sentencing policy in child pornography cases, focusing primarily on non-production offenses under U.S.S.G. § 2G2.2.  The Report can be found online at:   Report to the Congress: Federal Child Pornography Offenses | United States Sentencing Commission.   The Report confirms the extreme and multifaceted damage caused by child pornography.   The Report does not render the non-production child pornography guidelines in § 2G2.2 invalid or illegitimate.   *See United States v. Miller,* 665 F.3d 114, 121 (5th Cir. 2011) ("Empirically based or not, the Guidelines remain the Guidelines" and "we will not reject a Guidelines provision as "unreasonable" or "irrational" simply because it is not based on empirical data"); *United States v. Cubero*, 754 F.3d 888, 900 (11th Cir. 2014) ("[w]hile a district court may certainly consider the 2013 report in choosing the ultimate sentence, the report does not invalidate § 2G2.2."), *citing United States v. Snipes,* 611 F.3d 855, 870 (11th Cir. 2010) ("[T]he absence of empirical evidence is not an independent ground that compels the invalidation of a guideline.").   The Tenth Circuit, relying on *Miller*, agreed that "a within-guideline-range sentence based on a guideline lacking an empirical basis" is not "necessarily unreasonable."   *See United States v. Grigsby*, 749 F.3d 908, 911 (10th Cir. 2014).

The PSI calculates the defendant's advisory guideline range using a multi-count calculation.   The controlling calculation pertains to Count 3, applying U.S.S.G. § 2G2.2,

resulting in an adjusted offense level of 35.   The sentence requested by the government is consistent with sentences imposed under this guideline.   *See, e.g., United States v. Nghiem,* 432 F. App'x 753 (10th Cir. 2011) (unpublished, finding sentence of 121 months imprisonment for distribution of child pornography was substantively reasonable); *United States v. Morain*, 594 Fed.Appx.520 (10th Cir. 2014) (unpublished, affirming 151 month sentence for distribution and possession of child pornography); *United States v. Cunningham*, 680 F. Supp. 2d 844, 853, 860 - 64 (N.D. Ohio 2010) aff'd, 669 F.3d 723 (6th Cir. 2012) (imposing 121 month guideline range sentence for receipt, distribution, and possession of child pornography and rejecting "any contention that the Guidelines should not be given deference").   Although there are several examples of sentences below the guideline calculation, those cases did not involve the multiple victim and methods of victimization found in the instant case.   *See, e.g., United States v. Ray*, 704 F.3d 1307 (10th Cir. 2013) (102 month sentence for receipt below the guideline range of 151 – 188); *United States v. Franco*, 659 Fed.Appx. 960 (10th Cir. 2016) (110 month sentence for receipt and distribution below the guideline range of 151 – 188).

### § 3553(a) Factors

The nature and circumstances of the offense, as well as the history and characteristics of the defendant support a sentence between 121 months and 151 months.   The defendant's conduct involves three completely unrelated victims, and three different methods of victimization.   The only common element is the defendant's use of the internet.

The sentence requested by the government also would reflect the seriousness of the offenses, promote respect for the law, and provide just punishment.   The defendant's actions

spanned a period from approximately 2012 to 2018, signaling his actions were not isolated or aberrant.

The sentence requested by the government would further afford adequate deterrence. The message to other potential offenders is that use of the internet to abuse or harass others will result in serious punishment.

Last, but certainly not least, the sentence requested by the government will protect the public from further crimes of the defendant.  The Court should consider this factor significant in light of the number of victims and various ways these victims were harmed by the defendant's conduct.

## CONCLUSION

The PSIR correctly calculated the total offense level and the advisory guideline range.  A sentence between 121 months and 151 months is justified under the facts of this case.

    Respectfully submitted,

    STEPHEN R. MCALLISTER
    United States Attorney

    *s/Christine E. Kenney*
    CHRISTINE E. KENNEY #13542
    Assistant United States Attorney
    444 S.E. Quincy, Room 290
    Topeka, KS   66683
    (785) 295-2850

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 7, 2019, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

s/ Christine E. Kenney
Christine E. Kenney, #13542
Assistant United States Attorney
444 S.E. Quincy, Suite 290
Topeka, KS 66683
(785) 295-2850
christine.kenney@usdoj.gov
